IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02368-BNB

MOHAMMAD MUSTAFA ABDULLAH ,

Plaintiff,

v.

HARLEY LAPPIN,

Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER. COLORADO

NOV 1 9 2009

GREGORY C. LANGHAM
CLERK

_____

ORDER OF DISMISSAL

_____

Plaintiff Muhammad Mustafa Abdullah is in the custody of the United States

Bureau of Prisons and currently is incarcerated at the United States Penitentiary in

Florence, Colorado.  Plaintiff, acting *pro se*, initiated this action by submitting to the

Court a pleading titled, "Motion to Proceed and File Without Case Number. . . ."  On

October 5, 2009, Magistrate Judge Boyd N. Boland directed the Clerk of the Court to

commence a civil action and instructed Plaintiff to cure certain deficiencies if he wished

to pursue his claims.  Specifically, Magistrate Judge Boland ordered Plaintiff to submit

his claims on a Court-approved Prisoner Complaint form and either to pay the $350.00

filing fee or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28

U.S.C. § 1915.  Plaintiff was warned that the action would be dismissed without further

notice if he failed to cure the deficiencies within thirty days.

On October 23, 2009, Plaintiff filed a pleading titled, "Motion to Stop Court

Insensitiveness to RECCO Organization."  For the most part, the pleading is

unresponsive to Magistrate Judge Boland's October 5, 2009, Order to Cure. Plaintiff, however, appears to assert in the October 23, 2009, filing that he is unable to comply with the October 5, 2009, Order, because he is denied access to the prison law library, a photocopier, and a pen. The claims lack merit.

Plaintiff was sent sufficient copies of the Court-approved forms on which he could submit his claims and is not required to provide copies to the Court of the Complaint or of the § 1915 Motion and Affidavit. Access to a photocopier, therefore, is not necessary. Furthermore, Plaintiff was able to write the October 23, 2009, Motion with a pencil and therefore could have completed the forms for submission to the Court. Filings do not need to be written with a pen. Finally, Plaintiff does not need to conduct legal research to complete the Prisoner Complaint form. Access to the prison law library, therefore, is not necessary to proceed with an action in this Court. The Court finds that Plaintiff has failed to assert a valid reason for failing to cure the deficiencies noted in the October 5, 2009, Order. Accordingly, it is

ORDERED that the action is dismissed without prejudice for failure to cure the deficiencies within the time allowed.

DATED at Denver, Colorado, this 19 day of _____ November _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No.  09-cv-02368-BNB

Muhammad Mustafa Abdullah
Reg No. 00115-000
ADX – Florence
P.O. Box 8500
Florence, CO 81226


     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11|19|09

GREGORY C. LANGHAM, CLERK

By_____
              Deputy Clerk